IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

T.H., a Minor, by and through
Next Friend and Guardian of the Estate,
Charles Hoskyn                                                           Plaintiff

v.                              Civil Action No. 4:17cv00133-SWW-JTR

S. Kyle Hunter, et al.                                                   Defendants

### JOINT RULE 26(f) REPORT

Come the Plaintiff and Defendants, by and through undersigned counsel, and

jointly proffer the following joint report pursuant to the provisions of Rule 26(f) of

the Federal Rules of Civil Procedure:

1.  Any changes in timing, form, or requirements of mandatory disclosures

under Fed. R. Civ. P. 26(a).

Response:  The State of Arkansas and Prosecutor-Defendants Hunter and

Manning ("State Defendants") have filed a Motion to Dismiss Plaintiffs' Complaint.

(D.E. 7, 8) Additionally, Plaintiff has moved to amend the Complaint to add a

separate discrimination claim. The live issues will remain unclear, and the scope of

permissible discovery will be uncertain, until such time as the Court rules on State

Defendants' Motion to Dismiss, the Plaintiff's Motion to Amend his Complaint, and

the State Defendants have answered the Complaint with a responsive pleading, if

necessary. Plaintiff and State Defendants have agreed to stay discovery pending a

ruling on the pending Motion to Dismiss. Therefore, the parties state that

initial/mandatory disclosures are inappropriate at this time. The parties request

that initial/mandatory disclosures become due 30 days after the entry of an Order deciding State Defendants' Motion to Dismiss.

2. Date when mandatory disclosures were or will be made.

Response: The parties request that initial/mandatory disclosures become due 30 days after the entry of orders deciding State Defendants' Motion to Dismiss.

3. Subjects on which discovery may be needed.

Response: The parties will require discovery on issues of liability, damages and defenses, but these issues will remain indeterminate until the Court rules on State Defendants' Motion to Dismiss and Plaintiff's Motion to Amend the Complaint.

4. Whether any party will likely be requested to disclose or produce information from electronic or computer-based media. If so,

(a) whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business;

(b) the anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business;

(c) the format and media agreed to by the parties for the production of such data as well as agreed procedures for such production;

(d) whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;

(e)   other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.

Response:   At this point, the parties do not anticipate any such requests during the course of discovery herein. If electronic discovery is utilized, the parties do not anticipate any problems, and agree to cooperate in the production of any electronically stored information that is within the scope of permissible discovery.

5.  Date by which discovery should be completed.

Response:   November 17, 2017, or 120 days after the Court rules on the pending Motion to Dismiss, whichever is later.

6.  Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.

Response:  None.

7.  Any Orders, e.g. protective orders, which should be entered.

Response:  Because the case involves a minor, the parties anticipate that a protective order will be needed for certain records that may be requested in discovery.  If the need for a protective order arises, the parties will attempt to negotiate a mutually agreeable protective order and will then move the Court for its entry. If an agreement cannot be reached, a request for a protective order will be made to the Court.

8.   Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.

Response:   The State Defendants have filed a Motion to Dismiss Plaintiffs' Complaint. (D.E. 7, 8) Additionally, Plaintiff has moved to amend the Complaint to add a separate discrimination claim. The live issues will remain unclear, and the scope of permissible discovery will be uncertain, until such time as the Court rules on State Defendants' Motion to Dismiss, the Plaintiff's Motion to Amend his Complaint, and the State Defendants have answered the Complaint with a responsive pleading, if necessary. Plaintiff and State Defendants have agreed to stay discovery pending a ruling on the pending Motion to Dismiss. Therefore, the parties state that initial/mandatory disclosures are inappropriate at this time. The parties request that initial/mandatory disclosures become due 30 days after the entry of an Order deciding State Defendants' Motion to Dismiss.

9.   Any objections to the proposed trial date.

Response:   None.

10.   Proposed deadline for joining other parties and amending the pleadings.

Response:   September 18, 2017, or 60 days after Court's ruling on the pending Motion to Dismiss, whichever is later.

11.   Proposed deadline for completing discovery.

Response:   November 17, 2017, or 120 days after the Court rules on the pending Motion to Dismiss, whichever is later.

4

12.  Proposed deadline for filing motions.

Response:  With the exception of motions in limine, all other motions must be filed on or before December 17, 2017, or 30 days after the discovery deadline, whichever is later. Motions in limine should be filed on or before March 18, 2018.

Respectfully Submitted:

Brett W. Taylor, Ark. Bar No. 2014175
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
*Attorney for State and Prosecutors Defendants*

Andrew D. Ballard, Ark. Bar No. 2006029
BALLARD & BALLARD, P.A.
425 W. Broadway St., Suite N
North Little Rock, AR 72114
*Attorney for Plaintiff*

C. Burt Newell, Ark. Bar No. 82118
P.O. Box 1558
Hot Springs, AR 71902-1558
*Attorney for County Defendants*

12. Proposed deadline for filing motions.

Response:  With the exception of motions in limine, all other motions must be filed on or before December 17, 2017, or 30 days after the discovery deadline, whichever is later. Motions in limine should be filed on or before March 18, 2018.


Respectfully Submitted:


_____
Brett W. Taylor, Ark. Bar No. 2014175
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR  72201
*Attorney for State and Prosecutors Defendants*

_____
C. Burt Newell, Ark. Bar No. 82118
P.O. Box 1558
Hot Springs, AR 71902-1558
*Attorney for County Defendants*

_____
Andrew D. Ballard, Ark. Bar No. 2006029
BALLARD & BALLARD, P.A.
425 W. Broadway St., Suite N
North Little Rock, AR 72114
*Attorney for Plaintiff*