UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

T.H., a Minor, by and through Next Friend and
Guardian of the Estate,  CHARLES HOSKYN                                    **PLAINTIFF**

VS.                              Civil Action No. 4:17-cv-133-SWW

S. KYLE HUNTER, in his individual Capacity as
Prosecuting Attorney for the 11th Judicial Circuit;
KARRES D. MANNING, in her individual Capacity as
Deputy Prosecuting Attorney for the 11th Judicial Circuit;
JOHN DOE 1, in his or her individual and Official Capacity as
agent for the Prosecuting Attorney for the 11th Judicial Circuit;
GERALD ROBINSON, in his Individual and Official Capacity as
Sheriff of Jefferson County;
BERNARD ADAMS, in his Individual and Official Capacity as
Head of Transport Division of Jefferson County Sheriff's Department;
SGT. DOROTHY ROWLAND, in her Individual and Official Capacity as
Acting Head of Transport Division of Jefferson County Sheriff's Department;
LEE JOHNSON, in his Individual and Official Capacity as
Juvenile Jail Administrator of the Jefferson County Sheriff's Department;
R.C. TONEY, in his Individual and Official Capacity as
duly appointed Deputy Sheriff of Jefferson County;
CORPORAL TINA ADAMS, in her Individual and Official Capacity as
duly appointed Corporal for Jefferson County Sheriff's Department;
CAPTAIN DAVID SMITHWICK, in his Individual and Official Capacity as duly
appointed Officer with Jefferson County Sheriff's Department;
DEPUTY SANDRA HARPER, in her Individual and Official Capacity as
duly appointed Officer with Jefferson County Sheriff's Department;
GARY LEE, in his Individual and Official Capacity as
duly appointed Officer with Jefferson County Sheriff's Department; and
JEFFERSON COUNTY, Acting by and Through
Jefferson County Sheriff's Department and
Juvenile Detention Facility                                                  **DEFENDANTS**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 30 2017

JAMES W. McCORMACK, CLERK
By:_____
                          DEP CLERK

FIRST AMENDED COMPLAINT FOR DAMAGES
(42 U.S.C. § 1983)

**INTRODUCTORY STATEMENT**

1. This is an action for damages sustained by an African-American juvenile citizen of the

United States against the State of Arkansas, acting by and through the Office of Prosecuting

Attorney for the 11th Judicial Circuit; Jefferson County, Arkansas, for the actions of the Jefferson

County Sheriff's Department and the Jefferson County Juvenile Detention Facility in Jefferson

County, Arkansas, who received a court order by malicious and fraudulent *ex parte* artifice to

deliver plaintiff; abused process and maliciously prosecuted plaintiff; maliciously and with gross

negligence directed the arrest of the African-American juvenile; arrested, battered, false

imprisoned, imprisoned and outraged T.H., the juvenile.

2.  The action is against (1) S. Kyle Hunter, individually, as Prosecuting Attorney and the

supervisory officer responsible for the conduct of the defendants, Karres D. Manning, John Doe

1 and the Office of the Prosecuting Attorney, and for the Prosecuting Attorney's failure to take

corrective action with respect to personnel whose malicious  propensities were notorious, to

assure proper training and supervision of the personnel, or to implement meaningful procedures

to discourage lawless official and investigatory conduct; (2) Karres D. Manning, individually, for

her malicious or grossly negligent actions setting forth the discrimination of T.H., civil rights

violations and tortious conducts; (3) John Doe 1 for engaging in malicious or grossly negligent

actions; and against (4) Jefferson County, Arkansas, as the juridical entity for the conduct of the

departments and subdivisions Jefferson County Sheriff's Department and Juvenile Detention

Facility and its employees, which are sued as a persons under 42 U.S.C. § 1983, and in their

capacities for the tortious conduct.

3.  Plaintiff has removed the claims dismissed by this Court on August 24, 2017 against

the State of Arkansas, S. Kyle Hunter and Karres D. Manning, in their official capacity, as well

as the denial of the racial discrimination claims; however, insists on the claims as to preserve

said claims for appeal.

## JURISDICTION

4. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

5. This Court has subject matter jurisdiction of the action under 28 U.S.C. §§ 1331, 1343(a)(3), (4).

6. This Court may also exercise supplemental jurisdiction over the plaintiff's state law claims that arise from the same facts and circumstances under 28 U.S.C. § 1367.

## JURY DEMAND

7. Plaintiff demands trial by jury pursuant to Fed. R. Civ. P. 38(b) on all issues triable by jury.

## PARTIES

8. Plaintiff, T.H., is an African-American minor, in the custody, care and control of Arkansas Department of Human Services, placed in foster care with Second Chance Youth Ranch. Plaintiff is a resident of Saline County, Arkansas, and at all times relevant to the allegations of this complaint was a citizen of the United States, and resident of Saline County, Arkansas.

9. Charles Hoskyn, a licensed attorney in the State of Arkansas, was appointed Guardian of the Estate of Plaintiff, by the Honorable Earnest E. Brown, Jr., Jefferson County Circuit Court Judge, *In the Matter of T.H., an incapacitated person*, in the Circuit Court of Jefferson County, Juvenile Division, Case No. JV2012-586-6. (See Second Amended Order Appointing Guardian of Estate, attached hereto as Plaintiff's Exhibit 1). Mr. Hoskyn is a citizen of the United States,

and a resident of Pulaski County, Arkansas. Mr. Hoskyn serves as a representative to sue on behalf of T.H. pursuant to Fed. R. Civ. Pro. 17(c)(1)(A).

10. At all times relevant to this action, the Office of Prosecuting Attorney for the 11th Judicial Circuit was an agency of the State of Arkansas, and defendants S. Kyle Hunter and Karres D. Manning were officers and agents of the State of Arkansas and were individuals employed by the State of Arkansas.

11. At all times relevant to this action, Defendant S. Kyle Hunter was Prosecuting Attorney, an officer of the State of Arkansas, employed by the State of Arkansas, and elected to perform duties in Jefferson County, Arkansas. In this capacity, Defendant Hunter:

    a.    Was acting as an officer, agent, servant, and employee of Defendant State of Arkansas, by and through the Office of Prosecuting Attorney for the 11th Judicial Circuit;

    b.    Applied for and received VOCA grant funds; and

    c.    Is being sued individually (official capacity claims dismissed).

11. At all times relevant to this action, Defendant Karres D. Manning was employed as Deputy Prosecuting Attorney under the direction and control of S. Kyle Hunter, an officer of the State of Arkansas, and employed by the State of Arkansas to perform duties in Jefferson County, Arkansas. In this capacity, Defendant Karres D. Manning:

    a.    Was acting as an officer, agent, servant, and employee of Defendant State of Arkansas, by and through the Office of Prosecuting Attorney for the 11th Judicial Circuit; and

    b.    Is being sued individually (official capacity claims dismissed).

12.  At all times relevant to this action, Defendant John Doe 1 employed by the Office of Prosecuting Attorney for the 11th Judicial Circuit under the direction and control of S. Kyle Hunter and an officer of or employed by the State of Arkansas to perform duties in Jefferson County, Arkansas.  In this capacity, Defendant John Doe 1:

    a.      Was acting as an officer, agent, servant, or employee of Defendant State of Arkansas, by and through the Office of Prosecuting Attorney for the 11th Judicial Circuit; and

    b.      Is being sued individually (official capacity claims dismissed).

13.  At all times relevant to this action, Defendant Gerald Robinson was the elected Sheriff of Jefferson County, Arkansas, and employed by Jefferson County, Arkansas, to perform duties in Jefferson County, Arkansas.  In this capacity, Defendant Robinson:

    a.      Was acting as the chief law enforcement officer of Jefferson County, Arkansas, and acting as agent, servant, and employee of Defendant Jefferson County;

    b.      Was the commanding officer of Defendants Johnson, T. Adams, B. Adams, Rowland, Toney, Smithwick, Harper, Lee, and Jefferson County Juvenile Detention Facility and Transport Division;

    c.      Was responsible by law for enforcing the regulations of the Jefferson County Sheriff's Department and for ensuring that the Jefferson County Sheriff's Department's personnel obey the ordinances and procedures of Jefferson County, Arkansas, and the laws of the State of Arkansas and the United States;

    d.      Was responsible for promulgating, directing, training and enforcing the rules and procedures for the Jefferson County Sheriff's Department; and

c.    Is being sued individually and in his official capacity.

14. At all times relevant to this action, Defendant Bernard Adams was the Head of the Transport Division, a division of the Jefferson County Sheriff's Department, and employed by the Jefferson County Sheriff's Department. In this capacity, Defendant Adams:

a.    Was the supervisor of Defendants Rowland and Toney, and was responsible for their training, supervision and conduct;

b.    Was responsible by law for enforcing the regulations of the transportation for Jefferson County Sheriff's Department and for ensuring that the employees and agents of the Transport Division obey the laws of the State of Arkansas and the United States;

c.    Was acting as agent, servant and employee of the Defendant Jefferson County, Arkansas through Jefferson County Sheriff's Department; and

d.    Is being sued individually and in his official capacity.

15. At all times relevant to this action, Defendant Dorothy Rowland was the Acting Head of the Transport Division, a division of the Jefferson County Sheriff's Department, and employed by the Jefferson County Sheriff's Department. In this capacity, Defendant Rowland:

a.    Was the supervisor of Defendant Toney, and was responsible for his training, supervision and conduct;

b.    Was responsible by law for enforcing the regulations of the transportation for Jefferson County Sheriff's Department and for ensuring that the employees and agents of the Transport Division obey the laws of the State of Arkansas and the United States;

c.     Was acting as agent, servant and employee of the Defendant Jefferson County,

Arkansas, through Jefferson County Sheriff's Department; and

d.     Is being sued individually and in her official capacity.

16.   At all times relevant to this action, Defendant Lee Johnson was the Juvenile Jail

Administrator of the Jefferson County Juvenile Detention Facility a division of the Jefferson

County Sheriff's Department, and employed by the Jefferson County Sheriff's Department and

Juvenile Detention Facility.  In this capacity, Defendant Johnson:

a.     Was the supervisor of Defendants Adams, Smithwick, Toney, Rowland,  Harper

and Lee, and was responsible for their training, supervision and conduct;

b.     Was responsible by law for enforcing the regulations of the Jefferson County

Juvenile Detention Facility and for ensuring that the employees and agents of the

Juvenile Detention Facility obey the laws of the State of Arkansas and the United

States;

c.     Was acting as agent, servant and employee of the Defendant Jefferson County,

Arkansas, through Jefferson County Sheriff's Department; and

d.     Is being sued individually and in his official capacity.

17.   At all times relevant to this action, Defendant R.C. Toney was an Officer of the

Jefferson County Sheriff's Department's Juvenile Detention Facility, employed by the Jefferson

County Sheriff's Department and Juvenile Detention Facility.  In this capacity, Defendant Toney:

a.     Was acting as agent, servant and employee of Defendant Jefferson County,

Arkansas, through the Jefferson County Sheriff's Department, Jefferson County

Juvenile Detention Facility, and Jefferson County Sheriff's Department Transport

Division; and

b.        Is being sued individually and in his official capacity.

18.  At all times relevant to this action, Defendant Tina Adams was a Corporal of the Jefferson County Sheriff's Department's and Juvenile Detention Facility, employed by the Jefferson County Sheriff's Department and Juvenile Detention Facility.  In this capacity, Defendant Adams:

a.        Was acting as agent, servant and employee of Defendant Jefferson County, Arkansas, through the Jefferson County Sheriff's Department and Jefferson County Juvenile Detention Facility; and

b.        Is being sued individually and in her official capacity.

19.  At all times relevant to this action, Defendant Captain David Smithwick was an officer or agent of the Jefferson County Sheriff's Department, employed by the Jefferson County Sheriff's Department and/or Juvenile Detention Facility.  In this capacity, Defendant Smithwick:

a.        Was acting as agent, servant and employee of Defendant Jefferson County, Arkansas, through the Jefferson County Sheriff's Department and Jefferson County Juvenile Detention Center; and

b.        Is being sued individually and in his official capacity.

20.  At all times relevant to this action, Defendant Gary Lee was an officer or agent of the Jefferson County Sheriff's Department, employed by the Jefferson County Sheriff's Department and/or Juvenile Detention Facility.  In this capacity, Defendant Lee:

a.        Was acting as agent, servant and employee of Defendant Jefferson County, Arkansas, through the Jefferson County Sheriff's Department and Jefferson

County Juvenile Detention Center; and

b.      Is being sued individually and in his official capacity.

21.      At all times relevant to this action, Defendant Sandra Harper was an officer or agent of the Jefferson County Sheriff's Department, employed by the Jefferson County Sheriff's Department and/or Juvenile Detention Facility.  In this capacity, Defendant Harper:

a.      Was acting as agent, servant and employee of the defendant Jefferson County, Arkansas, through the Jefferson County Sheriff's Department and Jefferson County Juvenile Detention Center; and

b.      Is being sued individually and in her official capacity.

22.  The defendant Jefferson County is a political subdivision of the State of Arkansas, which pursuant to authority granted by the State and United States Constitutions, has established a Sheriff's Department, as law enforcement, and Juvenile Detention Facility to detain juveniles for delinquent and other matters.  The said County owes the Plaintiff the duty to refrain from unlawful and or unreasonable detention during any period; and to security and safety from being unlawfully detained or harmed during detention.

At all relevant times and in all their actions, the defendants were acting under color of law and pursuant to their authority as police personnel.

## FACTUAL ALLEGATIONS

23.  T.H. is an African-American foster child in the custody of the Arkansas Department of Human Services (DHS).

24.  Prior to June 4, 2014, T.H. was placed with Samuel A. Evans, a foster parent.

25. On or about June 4, 2014, Samuel A. Evans was alleged to have sexually assaulted, in violation of Ark. Code Ann. 5-14-125(b)(1), another child residing in his home while T.H. was present in Samuel A. Evans' home. T.H. was promptly removed from Samuel A. Evans' home by Arkansas DHS and placed in another approved foster placement.

26. T.H. was never questioned by any person or agency regarding the incident.

27. Samuel A. Evans was arrested and charged with 2nd Degree Sexual Assault, Ark. Code Ann. 5-14-125(b)(1). Samuel A. Evans was represented by the Jefferson County Public Defender's Office. A trial was scheduled to occur in Samuel A. Evans' criminal case, *State of Arkansas v. Samuel Evans*, Circuit Court of Jefferson County, Arkansas, Case No. 35CR-2014-436, on Monday, March 14, 2016.

28. The State of Arkansas receives funding under the Victims of Crime Act (VOCA). Ark. Code Ann. § 25-1-111.

29. The Prosecuting Attorney's Office for the 11th Judicial Circuit, by and through Defendant Kyle Hunter, applied for and received $109,381.55 in 2016 pursuant to a VOCA subgrant. According to the Conditional Subgrant Agreement submitted by Defendant Kyle Hunter, the funds were to be used for "advocacy of victims of crimes throughout the investigation and prosecution..." (See 2015-2016 Conditional Subgrant Agreement, attached hereto as Exhibit 2).

30. A portion of the subgrant funds were used in the prosecution of Samuel A. Evans in Case No. 35CR-2014-436.

31. Through independent research, information shows Defendants Kyle Hunter and Karres D. Manning have neither directed nor orchestrated the *ex parte* entry of an order for the

delivery, the arrest, the detention or the forcible compulsion of a Caucasian or white person to appear as a witness at a trial or hearing.

32.  However, the Prosecutor's Office of the 11ᵗʰ Judicial Circuit did commit such egregious acts against T.H.  The actions described below were perpetrated by the Prosecuting Attorney's Office of the 11ᵗʰ Judicial Circuit because T.H. is a black African-American, in direct violation of the VOCA grant program.

33.  On Friday, March 11, 2016, the Honorable Berlin C. Jones, Jefferson County Circuit Court Judge, entered an order titled, "ORDER TO DELIVER".  (See Order to Deliver, attached hereto as Exhibit 3).

34.  The order reads as follows:

THE SHERIFF OF JEFFERSON COUNTY, ARKANSAS

You are hereby ordered and directed to take custody from **Second Chance Ranch, 21815 Int. 30, Bryant, AR 72002,** a juvenile delinquent, [T.H.], B/M DOB: [REDACTED]2001, who is now confined in said facility and deliver him to Jefferson County Courthouse, 100 West Barraque Street, Pine Bluff, AR 71601, on **Monday, March 14-15, 2016 at 1:00 p.m.,** for the purpose of a criminal jury trial.

The Superintendent/Director of the Second Chance Ranch, is hereby ordered to have [T.H.], B/M DOB: [REDACTED]2001, available for transportation by the Sheriff of Jefferson County Arkansas on the aforementioned dates.  That Sheriff of Jefferson County Arkansas is to deliver [T.H.], B/M DOB: [REDACTED]2001 to the Jefferson County Courthouse on **Monday, March 14-15, 2016 at 1:00 p.m.,**for the purpose of a criminal jury trial.

The Sheriff of Jefferson County, Arkansas is further ordered to return custody of said juvenile delinquent to Second Chance Ranch upon completion of said jury trial.

IT IS SO ORDERED this 10th day of March, 2016.

Signed by Berlin C. Jones
CIRCUIT JUDGE

SUBMITTED BY:

Signed by Karres D. Manning
KARRES D. MANNING
DEPUTY PROSECUTING ATTORNEY

35. The Public Defender who represented Samuel A. Evans, has no recollection of being included on the information presented to the state trial court by Defendant Karres D. Manning or Defendant Office of the Prosecuting Attorney for the 11th Judicial Circuit.

36. The record is absent any communication or affidavit sent to the state trial court by Defendant Karres D. Manning or Defendant Office of the Prosecuting Attorney for the 11th Judicial Circuit; therefore, the state trial court relied on the facts contained in the Order to Deliver and *ex parte* communications with the Prosecuting Attorney's Office for entry.

37. Defendants S. Kyle Hunter, Karres D. Manning or John Doe 1 must have engaged in *ex parte* communication with the state trial court and provided intentionally malicious or grossly negligent fraudulent information to the state trial court for the securing of the Order to Deliver, *supra* and attached hereto as Plaintiff's Exhibit 3.

38. At the time, T.H. was not a juvenile delinquent and was not confined in "Second Chance Ranch".

39. The Second Chance Youth Ranch is not a detention facility. According to the Second Chance Youth Ranch, it "is a Faith-based program designed for youth in foster care who are needing a safe, stable, homelike environment. Students attend a local church, teen programs

and summer camps. They are encouraged by house parents and staff to apply spiritual growth principles in their daily lives. Youth who come to Second Chance Youth Ranch will receive therapeutic services to help them heal from past traumas according to what they have been subjected to."

40. Despite couching the Order to Deliver as an order to transport T.H. to be a witness to trial, no one had previously spoken with T.H. regarding his observations or the evidence he may provide. Therefore, Defendant Karres D. Manning, in investigating a crime, used this order to further an investigation into a crime by maliciously securing and disseminating or directing the dissemination of the Order to Deliver to the Jefferson County Sheriff's Department on Friday, March 10, 2016, with instructions that were not in compliance with the order.

41. On the same day, Defendant Karres D. Manning delivered the state trial court's Order to Deliver to Defendant Sgt. Dorothy Rowland with the Jefferson County Sheriff's Department with verbal instructions to pick up T.H. immediately[1], and held pending trial on Monday, March 14, 2016. (See Defendant Jefferson County's sworn Response to Interrogatory No. 13, attached hereto as Exhibit 5). Defendant Karres D. Manning's verbal instruction was outside of the scope of Order to Deliver, contradicted the terms of the Order to Deliver, and set into motion the following events. Defendant Karres D. Manning's verbal instructions to violate of the terms of the Order to Deliver was a conscious violation of the law, and was intended to injure T.H.

42. Defendant Rowland directed Defendant Toney with the Juvenile Detention Facility to

---

[1] Defendant Karres D. Manning "verbally communicated...to the sheriff officer, transport officer, and booking officer to detain T.H. on March 11, 2016 pending trial on March 14, 2016." See Defendant Jefferson County's Response to Interrogatory No. 16(a), attached hereto as Exhibit 4. Defendant Karres D. Manning also denied several requests during T.H.'s detention to release T.H. from Ana Ortiz, T.H.'s DHS caseworker.

pick up T.H. Exhibit 5.

43. Based on Defendant Karres D. Manning's communications with Defendant Rowland, Defendant Toney took the order to Second Chance Ranch. T.H. was not at Second Chance Ranch, so Defendant Toney went to T.H.'s school. Exhibit 5.

44. At approximately 10:45 a.m. on Friday, March 11, 2016, Defendant Toney entered [REDACTED] School of the Bryant School District, and requested the front office send for T.H.. T.H., who was then in the 7th grade, was at recess. A vice principal at [REDACTED] School retrieved T.H. from recess and escorted T.H. to the front office for "check out." Defendant Rowland and Toney's actions are a violation of the procedural guidelines and procedures for the Jefferson County Sheriff's Department.

45. Upon entering the front office, Defendant Toney informed T.H. he was going to court. Then, Defendant Toney placed T.H. under arrest by securing T.H. in a transport restraint device (a shackle device consisting of handcuffs and ankle irons connected by a restrictive metal chain). Two members of the office staff, the school resource officer and a fellow student witnessed T.H. in transport restraint.

46. Defendant Toney escorted T.H. to his patrol car and secured T.H. in the back seat behind transport car's barrier. Defendant Toney then proceeded for approximately an hour to the Jefferson County Juvenile Detention Facility in Pine Bluff, Arkansas.

47. Upon arriving at the Juvenile Detention Facility, Defendant Toney delivered T.H. to Defendants Adams and Smithwick. Defendant Toney was instructed by Defendant Rowland to notify her when he returned to the Juvenile Justice Center with T.H. Once notified by Defendant Toney of T.H.'s arrival, Defendant Rowland then called Defendant Karres D. Manning on T.H.'s

detention.  Exhibit 5.

48.  Defendants Adams and Smithwick processed T.H. into custody of the Juvenile Detention Facility.  During the processing, Defendant Adams informed T.H. that he was there on a "FINS hold."

49.  Defendant Smithwick made T.H. shower.  While T.H. was naked, Defendant Smithwick took T.H.'s school outfit and handed T.H. an inmate uniform to wear.  T.H. was then escorted to a jail cell.

50.  The jail cell in which T.H. was confined by himself for the remainder of the weekend, with the exception of visits from Defendant Karres D. Manning and Ana Ortiz, T.H.'s DHS caseworker, was a cold cell furnished with only a bed and a toilet.

51.  At approximately 1:00 p.m. on Saturday, March 11, 2016, Defendant Karres D. Manning visited T.H. to inquire as to what he may offer in testimony.  T.H. informed Defendant Karres D. Manning that he did not witness anything.  T.H. describes Defendant Karres D. Manning as rude.  When T.H. requested an explanation of his arrest and detention, Defendant Karres D. Manning responded, "You have to do stuff you don't want.  That's life!"  T.H. asked Defendant Karres D. Manning to leave him alone.

52.  Upon T.H.'s initial arrival at the Juvenile Justice Center, T.H.'s DHS caseworker, Ana Ortiz, met with Defendant Karres D. Manning in an attempt to gain custody of T.H.  Ms. Ortiz stated she was denied custody and was informed by Defendant Karres D. Manning that T.H. was "in the Sheriff's custody" and "it was protocol to detain a witness for their safety".  Exhibit 5.  It was reported to the Defendant Sheriff's Department that Defendant Karres D. Manning interviewed T.H. on several occasions during his detention at the Juvenile Justice

Center.  Exhibit 5.

53.  On Monday, March 14, 2016, sometime in the afternoon, T.H. was allowed to change into clothing provided to the Juvenile Detention facility by the Second Chance Youth Ranch. Defendant Smithwick then attached the transport restraint back on T.H.  Defendant Lee placed [T.H.] in the back of his car, and transported T.H. to Defendant Karres D. Manning's office.

54.  At Defendant Karres D. Manning's office, T.H. was allowed to visit with his attorney ad litem (AAL).  T.H. was then taken to a holding cell within the Jefferson County Circuit Courthouse, where the transport restraint was removed from T.H., and T.H. waited to be placed on the stand.

55.  After T.H.'s testimony, Defendant Harper, attached the transport restraints to T.H. Defendant Lee placed T.H. in the back seat of his car, transported T.H. back to the Detention Facility and placed T.H. back into a holding cell.

56.  T.H.'s DHS caseworker arrived at the Detention Facility to check on T.H., and deliver McDonald's food.  At approximately 6:45 p.m., Defendant Lee, placed T.H. in leg irons only for transport back to the Second Chance Ranch because T.H. was given his food and allowed to eat the food on the way.

57.  As a result of the misconduct described above, Plaintiff experienced humiliation, emotional distress, pain and suffering, and was otherwise damaged.

58.  The abuse to which Plaintiff was subjected was created and orchestrated by Defendant Karres D. Manning, and consistent with an institutionalized practice of the Office of the Prosecuting Attorney for the 11th Judicial Circuit and Jefferson County Sheriff's Department, which was known and ratified by Defendants the State of Arkansas, the Office of the Prosecuting

Attorney for the 11th Judicial Circuit, Jefferson County, Jefferson County Sheriff's Department and Jefferson County Juvenile Detention Facility.

59.  Despite knowledge of these institutionalized practices, the defendants have at no time taken any effective action to prevent their personnel from continuing to engage in this type of misconduct.  Defendants had several opportunities to stop their actions and mitigate the damages incurred by T.H.

60.  Each Defendant had prior notice of the vicious propensities of the other Defendants but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority prior to March 11, 2016 and through March 14, 2016.  Defendants each knew or should have known that the information provided to the state court was not factual; that no one had discussed this matter with Plaintiff before the swearing out of the order; that the state court order was an order to deliver Plaintiff for testimony, not a detention order– despite being treated as such; that Plaintiff was not in detention at Second Chance Ranch; that the state court order did not command or permit the detention of Plaintiff; that Plaintiff had not refused to appear as a witness without an order; and Plaintiff should not have been arrested, shackled or jailed.

61.  The failure of Defendants to properly train or supervise individual Defendants included the failure to instruct them in applicable provisions of the State Penal Law of the State of Arkansas, Rules of Criminal Procedure, and the proper and prudent use of investigations, orders, warrants, detention, force and search and seizures.

62.  Defendants State of Arkansas and Jefferson County authorized, tolerated as institutionalized practices, and ratified the misconduct detailed above by:

      a.      Failing to properly train, discipline, restrict, and control employees,

including Defendants Karres D. Manning, Robinson, Toney, Smithwick, Harper, Lee, Rowland, B. Adams, Johnson, T. Adams, known to be irresponsible in their dealings with citizens of the community;

b.      Failing to take adequate precautions in the hiring, training, promotion, and retention of deputy prosecuting attorneys, police personnel, including specifically Defendants Karres D. Manning, Toney, Smithwick, B. Adams, Rowland, Johnson, T. Adams, Harper and Lee; and

c.      Failing to establish or assure the functioning of a bona fide and meaningful departmental system for dealing with complaints of prosecutorial and police misconduct, but instead responding to these types of complaints with bureaucratic power and official denials calculated to mislead the public.

63. The conduct of Defendants Jefferson County, Hunter, Karres D. Manning, Toney, Smithwick, B. Adams, Rowland Lee, Johnson, T. Adams, Harper, Lee and Robinson also constitutes malicious acts because the violation of the Order to Deliver was a conscious violation of the law and/or gross negligence under state law.

64. As a consequence of the abuse of authority detailed above, Plaintiff sustained damages alleged above.

## FEDERAL THEORIES OF RECOVERY

65. The actions and omissions described above, engaged in under the color of state authority by the defendants (including Jefferson County, sued as a person and responsible because of its authorization, condonation and ratification of the acts of its agents), deprived the

plaintiff of rights secured to him by the Constitution of the United States, including, but not limited to, the plaintiff's:

    a.    First Amendment right to freedom of expression;

    b.    Fourth Amendment right to be free from unlawful seizure of his person;

    c.    Fifth and Fourteenth Amendment rights to due process of law, including the right to be free from unjustified and excessive force utilized by police;

    d.    Eighth Amendment right to be free from cruel and unusual punishment; and

    e.    42 U.S.C. § 1983.

## STATE LAW THEORIES OF RECOVERY

66. The acts and conduct alleged above constitute actionable torts under the laws of the State of Arkansas, including the tort of:

    a.    False arrest and imprisonment;

    b.    Assault;

    c.    Battery;

    d.    Intentional Infliction of Emotional Distress;

    e.    Outrage;

    f.    Fraud;

    g.    Abuse of Process;

    h.    Malicious Prosecution;

    i.    Negligence; and

    j.    Gross negligence.

## PRAYER

Plaintiff demands the following relief:

1.    Compensatory damages in an amount to be determined by the jury;

2.    Punitive damages in an amount to be determined by the jury;

3.    Attorney's fees pursuant to 42 U.S.C. 1983; and

4.    An award of plaintiff's costs of suit.

5.    All other relief that is appropriate under the circumstances.

Dated: August 30, 2017.

Respectfully submitted,

**BALLARD & BALLARD, P.A.**
425 W. Broadway St., Suite N
North Little Rock, Arkansas 72114
Tel: 501-244-9544
Fax: 501-244-9828
E-mail: andy@ballardandballard.net
Arkansas Bar No. 06-029

By: _/s/Andrew D. Ballard_
         Andrew D. Ballard

## CERTIFICATE OF SERVICE

I, Andrew D. Ballard, certify that on August 30, 2017, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which shall send electronic notification to the following:

Brett Taylor Brett brett.taylor@arkansasag.gov
C. Burt Newell burtnewell@mac.com
Ralph C. Ohm   aperma@hotspringslaw.net, anna@hotspringslaw.net, ralphohm@aol.com

/s/Andrew D. Ballard

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
JUVENILE DIVISION

IN THE MATTER OF T'̱̱̱̱̱̱̱̱̱̱HI̱̱
an incapacitated person

No. JV ̱̱̱̱̱̱̱̱̱̱̱̱̱̱

## SECOND AMENDED ORDER APPOINTING GUARDIAN OF ESTATE

On this day, comes on to be heard the Petition of Charles R. Hoskyn for his Petition for Appointment of Guardianship of the Estate for T ̱̱̱ HI̱̱ ̱̱̱ minor child, and the Court, having considered the pleadings filed herein, and being sufficiently advised of the facts and evidence in this matter, does hereby adjudge, decree, find, and order:

1.    This Court possesses jurisdiction of the parties and the subject matter before it, due notice of this proceeding has been properly provided to the proper parties in accordance with the laws of the state of Arkansas. To correct a typographical errors, this Order replaces the Amended Order Appointing Guardian of Estate that was entered in this matter on November 14, 2016. The following minor child is incapacitated of his minority: T ̱̱̱ I̱̱. ̱̱̱̱

2.    A guardian of the estate shall be appointed for the foregoing minor child.

3.    The foregoing minor child is in the currently custody of the Arkansas Department of Human Services and he is placed in foster care in the State of Arkansas.

4.    The child has a cause of action against various governmental officials and employees in Jefferson County, Arkansas for actions taken by them in March 2016 that caused the child to be illegal arrested and detained against his will. The child needs a guardian of the estate to prosecute the cause of action on the child's behalf and to the administer the proceeds from the cause of action.

5.    No guardianship has previously been appointed for the estate of the aforementioned minor child.

PLAINTIFF'S
EXHIBIT

/

FILED

JAN 3 0 2017

LAFAYETTE WOODS, SR.
HIGH CLERK
JEFFERSON COUNTY, ARKANSAS

6.  It is in the best interest of T____H'___ hat Charles R. Hoskyn be appointed Guardian of the Estate for him to prosecute the cause of action mentioned above on the child's behalf and to the administer the proceeds from the cause of action.

7.  Charles R. Hoskyn is a resident of the state of Arkansas and is qualified to be appointed as guardian of the estate for '.___ H

8.  The appointment of a guardian of the estate is necessary to protect the proceeds Travion Howe may receive from the cause of action mentioned above.

9.  Charles R. Hoskyn is hereby appointed guardian of the estate of T'___ H____ until the child reaches the age of eighteen (18) years old, or until a court of competent jurisdiction orders otherwise.

10. Charles R. Hoskyn shall be allowed to serve as guardian in this matter without posting a bond.

11. The clerk of the Court is directed to issue letters of guardianship accordingly.

    IT IS SO ORDERED.

    _____
    CIRCUIT JUDGE

    DATE: V\30\17

Prepared by:
Charles R. Hoskyn, PLC (96181)
HOSKYN LAW FIRM
111 Center, Suite 1200
Little Rock, AR 72201
501-771-4005



ARKANSAS DEPARTMENT OF FINANCE AND ADMINISTRATION
OFFICE OF INTERGOVERNMENTAL SERVICES
VICTIM JUSTICE AND ASSISTANCE PROGRM

RECEIVED

IGS/VJA PROGRAM

## 2015-2016 CONDITIONAL SUBGRANT AGREEMENT
### VICTIM OF CRIME ACT (VOCA)
### (CFDA # 16-575)

| | |
|---|---|
| 1. SUBGRANTEE NAME AND ADDRESS<br><br>11ᵗʰ West Judicial District Prosecuting Attorney<br>101 West Barraque, Suite 201<br>P.O. Box 9090<br>Pine Bluff, AR 71611-9090 | 2. FEDERAL AWARD NUMBER<br>2015-VA-GX-0004<br><br>3. SUBGRANT NUMBER:<br><br>16128-15V |
| 4. FEDERAL IDENTIFICATION NUMBER: | 5. PROJECT PERIOD:<br><br>FROM: 10/01/2016  TO: 09/30/2017 |
| 6. AMOUNT OF AWARD:<br><br>$ 109,381.55<br><br>*NO INDIRECT COST RATE | 7. AMOUNT OF NON-FEDERAL MATCH:<br><br>$ 27,351.88 |

8. PROJECT DESCRIPTION:

Provide advocacy and support to victims of crime throughout the investigation and prosecution of criminal cases which exceeds the responsibility of the Prosecuting Attorney's office and the court system in Jefferson and Lincoln Counties.

9. CONDITIONS:

The above subgrant project is approved on a conditional basis for a period of six (6) months. In that time period, sub-grantee must meet all requirements regarding the timely submission of documents related to this grant:

- Reimbursement Requests (invoices) must be submitted on a monthly basis, due no later than the 15ᵗʰ of each month.
- Quarterly Reports (Performance, Statistical Summary and Goals/Objectives) must be submitted on a quarterly basis, due no later than thirty (30) days after the end of each quarter.
- Attend all mandatory meetings.

If these requirements are met consistently throughout the first six months of the grant period, the grant will be continued for the remainder of the grant period. If these requirements are not met consistently throughout the first six months of the grant period, the grant will be terminated by DFA/IGS for cause and no more grant funds will be distributed to the subgrant organization.

EFFECTIVE 10/01/16

**PLAINTIFF'S EXHIBIT**
2

| AWARDING AGENCY APPROVAL | SUBGRANTEE APPROVAL |
|---|---|
| 10. TYPED NAME AND TITLE OF APPROVING OFFICIAL<br><br>DORIS SMITH<br>ADMINISTRATOR | 11. TYPED NAME AND TITLE OF AUTHORIZED OFFICIAL:<br><br>S. KYLE HUNTER<br>PROSECUTING ATTORNEY |
| 12. SIGNATURE OF APPROVING OFFICIAL:<br><br>9/23/16 | 13. SIGNATURE OF AUTHORIZED SUBGRANTEE OFFICIAL: | 13a. DATE<br>9-15-16 |

EFFECTIVE 10/01/16

RECEIVED

SEP 16 2016

IGSNCA PROGRAM



ARKANSAS DEPARTMENT OF FINANCE AND ADMINISTRATION
OFFICE OF INTERGOVERNMENTAL SERVICES
VICTIM JUSTICE AND ASSISTANCE PROGRM

RECEIVED

2015 SEP 25  AM 8: 25

OFFICE OF
INTERGOVERNMENTAL
SERVICES

## 2015-2016 CONDITIONAL SUBGRANT AGREEMENT
### VOCA – Crime Victims Assistance (CFDA # 16-575)

| 1. SUBGRANTEE NAME AND ADDRESS | 2. SUBGRANT NUMBER: |
|---|---|
| 11th West Judicial District Prosecuting Attorney<br>101 West Barraque, Suite 201<br>P.O. Box 9090<br>Pine Bluff, AR 71611-9090 | 15128- |

| 3. FEDERAL IDENTIFICATION NUMBER: | 4. PROJECT PERIOD: |
|---|---|
| ▓▓▓▓▓▓▓▓ | FROM: 10/01/2015  TO: 09/30/2016 |

| 5. AMOUNT OF AWARD: | 6. AMOUNT OF NON-FEDERAL MATCH: |
|---|---|
| $ 109,381.55 | $ 27,368.75 |

**7. PROJECT DESCRIPTION:**

Provide advocacy and support to victims of crime throughout the investigation and prosecution of criminal cases which exceeds the responsibility of the Prosecuting Attorney's office and the court system in Jefferson and Lincoln Counties.

**8. CONDITIONS:**

The above subgrant project is approved on a conditional basis for a period of six (6) months.  In that time period, sub-grantee must meet all requirements regarding the timely submission of documents related to this grant:

- Reimbursement Requests (invoices) must be submitted on a monthly basis, due no later than the 15th of each month.
- Quarterly Reports (Performance, Statistical Summary and Goals/Objectives) must be submitted on a quarterly basis, due no later than thirty (30) days after the end of each quarter.
- Attend all mandatory meetings.

If these requirements are met consistently throughout the first six months of the grant period, the grant will be continued for the remainder of the grant period.  If these requirements are not met consistently throughout the first six months of the grant period, the grant will be terminated by DFA/IGS for cause and no more grant funds will be distributed to the subgrant organization.

EFFECTIVE 10/01/15

| AWARDING AGENCY APPROVAL | SUBGRANTEE APPROVAL | |
|---|---|---|
| 9.  TYPED NAME AND TITLE OF APPROVING OFFICIAL | 10.  TYPED NAME AND TITLE OF AUTHORIZED OFFICIAL: | |
| DORIS SMITH<br>ADMINISTRATOR | S. KYLE HUNTER<br>PROSECUTING ATTORNEY | |
| 11.  SIGNATURE OF APPROVING OFFICIAL: | 12.  SIGNATURE OF AUTHORIZED SUBGRANTEE OFFICIAL: | 12a.  DATE |
| *[signature]* 10/26/15 | *[signature]* | 9/21/15 |

EFFECTIVE 10/01/15

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

STATE OF ARKANSAS                                            PLAINTIFF

VS.                                    35CR-2014-436

SAMUEL EVANS                                                 DEFENDANT

### ORDER TO DELIVER

#### THE SHERIFF OF JEFFERSON COUNTY, ARKANSAS:

You are hereby ordered and directed to take custody from the **Second Chance Ranch,**

**21815 Int 30, Bryant, AR 72002**, a juvenile delinquent. T____ ⴲ‾ , **B/M DOB:**

\____.2001, who is now confined in said facility and deliver him to Jefferson County

Courthouse, 100 West Barraque Street, Pine Bluff, AR 71601, on **Monday, March 14-15, 2016**

**at 1:00 p.m.**, for the purpose of a criminal jury trial.

The Superintendent/Director of the Second Chance Ranch, is hereby ordered to have

1 ____ H‾ **B/M DOB:** ‾ 2001, available for transportation by the Sheriff of Jefferson

County Arkansas on the aforementioned dates. That Sheriff of Jefferson County Arkansas is to

deliver T\ ____ H‾ , **B/M DOB:** ____ 2001 to the Jefferson County Courthouse on

**Monday, March 14-15, 2016 at 1:00 p.m.**, for the purpose of a criminal jury trial.

The Sheriff of Jefferson County, Arkansas is further ordered to return custody of said

juvenile delinquent to the Second Chance Ranch upon completion of said jury trial.

IT IS SO ORDERED this _10th_ day of March, 2016.

_____
CIRCUIT JUDGE

SUBMITTED BY:

_____
KARRES D. MANNING
DEPUTY PROSECUTING ATTORNEY

**PLAINTIFF'S EXHIBIT**
_3_

**FILED**

MAR 1 0 2016

LAFAYETTE WOODS, SR.
Circuit Clerk
JEFFERSON COUNTY, ARKANSAS

**INTERROGATORY NO. 15:**      If any of the officers or employees of Jefferson County Sheriff's Department who participated in the arrest, transport, injury or detention of plaintiff drank any alcoholic beverages or ingested any intoxicating substances before coming on duty or during the course of their assignment, identify the substances and the amount ingested by each person.

     **RESPONSE:**      **None; therefore, N/A.**

  , **INTERROGATORY NO. 16:**      Identify and describe the reasons for plaintiff's arrest, transport, booking and detention and include the following:

     **RESPONSE:**      **Unknown; these Separate Defendants have no knowledge of statements made in procurement of the order.**

     a.  The circumstances that led the officers to believe there was probable cause to arrest, transport, book or detain plaintiff;

     **RESPONSE:**      **Separate Defendants object to this Interrogatory on the grounds that it is premised on facts that are in dispute.  Subject to, and without waiving the foregoing objection, the Order also states that the officers are ordered to take custody of T ˙    I ＿ rom the Second Chance Ranch "who is now confined in said facility".  Secondly, it was verbally communicated by Deputy Prosecuting Attorney Manning to the sheriff officer, transport officer, and booking officer to detain ˙ ＿ on March 11, 2016 pending trial on March 14, 2016.**

     b.  Whether plaintiff was informed that he was under arrest, being transported, being booked or being detained and, if so, what you said and by whom it was said.

     **RESPONSE:**      **Separate Defendants object to this Interrogatory on the**

PLAINTIFF'S
EXHIBIT
4

**RESPONSE:**        It is unknown what "claim" is referred to in this Interrogatory.

**INTERROGATORY NO. 13:**        Describe in specific detail the events leading up to and following the arrest, transport, injury, booking and detention of plaintiff.

**RESPONSE:**        Separate Defendants object to this Interrogatory on the grounds that it is premised on facts that are in dispute.   Subject to, and without waiving the foregoing objection, Deputy Prosecuting Attorney, Karess Manning, present an Order to Deliver (copy enclosed) to the Jefferson County Sheriff's Officer Sgt. Rowland to deliver T       H        · trial on Monday, Marh 14, 2016. Deputy Prosecuting Attorney Manning subsequently communicated verbally with Sgt. Rowland that T       H       should be delivered to the Juvenile Detention Center on March 11, 2016 and housed pending trial. This verbal order was communicated by Sgt. Rowland to Juvenile Transport Officer R.C. Toney. Based on the communication between Prosecutor Manning and Sgt. Rowland, Officer Toney took the Order to Second Chance Ranch. T       H       vas not there, he was at school. Officer Toney went to the school and transported him to the Juvenile Justice Center. This Order did state that T       H       /as a "juvenile delinquent" and that he was now "confined in said facility" (Second Chance Ranch).

Officer Toney was instructed by Sgt. Rowland to notify her when he returned to the Juvenile Justice Center with T       H       Sgt. Rowland advised Officer Toney that she would contact Deputy Prosecutor Manning upon his arrival.

Upon arrival at the Juvenile Center, T       H       D.H.S. case worker, Ana Ortiz, met with Prosecutor Manning in an attempt to gain custody of T       H       Ms. Ortiz stated she was denied custody and was informed by Prosecutor Manning that



PLAINTIFF'S
EXHIBIT
5

T͟ ͟ ͟H ͟ ͟ ͟was "in the Sheriff's custody" and "it was protocol to detain a witness for their safety". It was reported that Prosecutor Manning interviewed T͟ ͟ ͟H͟ ͟ ͟on several occasions during his stay at the Juvenile Justice Center.

On March 14, 2016 at approximately 5:40 p.m., a call was received by the Juvenile Administrator regarding T͟ ͟ ͟F͟ ͟ ͟stay. After discussing the incident with Ombudsman Scott Tanner, arrangements were made to have T͟ ͟ ͟H͟ ͟ ͟immediately transported back to Second Chance Ranch. Jefferson County Sheriff's Officer Gary Lee was the transporting officer.

**INTERROGATORY NO. 14:**      Identify all previous complaints or lawsuits that have been filed against law enforcement personnel or employees of Jefferson County Sheriff's Department or Jefferson County Juvenile Detention Facility that charged them with civil rights violations, abuse of authority, battery, assault, false imprisonment, outrage, intentional infliction of emotional distress, or abuse of process within the last five years preceding the date of the events giving rise to this lawsuit. Include the following:

    a.   Whether the complaint or lawsuit was based on facts leading up to and related to an arrest;

    b.   The identify of each complaint;

    c.   The outcome of the complaint.

**RESPONSE:**      Listed below are lawsuits/complaints for the five (5) years preceding the date of the events giving rise to this lawsuit: