IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

T.H., a Minor, by and through
Next Friend and Guardian of the Estate,
Charles Hoskyn                                                                    Plaintiff

v.                    Civil Action No. 4:17cv133-SWW-JTR

S. Kyle Hunter, et al.                                                           Defendants

## ANSWER

COME Separate Defendants, Kyle Hunter and Karres Manning, in their individual capacities, by and through their attorneys, Attorney General Leslie Rutledge and Assistant Attorney General Brett W. Taylor, and for their Answer to the Plaintiff's First Amended Complaint, state:

1. Separate Defendants deny every allegation contained in Plaintiff's Complaint [D.E. 5] and Plaintiff's First Amended Complaint [D.E. 23], except to the extent specifically admitted herein.

2. Separate Defendants deny all alleged wrongdoing and thus deny the allegations contained in paragraphs 1 and 2 of Plaintiff's First Amended Complaint.

3. To the extent a response is required as to paragraph 3 of Plaintiff's First Amended Complaint, any attempt to develop an evidentiary record as to claims dismissed by this Court is improper, and for that reason Separate Defendants deny any continued allegations relating to those claims no longer at issue. [D.E. 22]

4. To the extent a response is required as to paragraphs 4, 5, and 6 of Plaintiff's First Amended Complaint, Separate Defendants admit jurisdiction is proper but deny any and all alleged wrongdoing.

5. In response to paragraph 7 of Plaintiff's First Amended Complaint, Separate Defendants also request a trial by jury.

6. Based upon information and belief, Separate Defendants admit the allegations contained in paragraph 8 of Plaintiff's First Amended Complaint.

7. Separate Defendants are without sufficient information to admit or deny the allegations in paragraph 9 of Plaintiff's First Amended Complaint. For that reason, those allegations are denied.

8. Separate Defendants admit that S. Kyle Hunter and Karres Manning are employed as the Prosecuting Attorney and Deputy Prosecuting Attorney for the 11th Judicial District–West for the State of Arkansas, respectively, and further that they were so employed at all times referenced in Plaintiff's First Amended Complaint. The remaining allegations contained in paragraphs 10, 11, the 2nd 11, and 12, as well as all subparts, are no longer relevant to the remaining claims at issue and are therefore denied.

9. Separate Defendants are without sufficient information to admit or deny the allegations contained in paragraphs 13, 14, 15, 16, 17, 18, 19, 20, and 21 as well as all subparts, as those allegations relate to other Defendants. For that reason, those allegations are denied.

10. Paragraph 22 of Plaintiff's First Amended Complaint and its subpart attempt to make a statement of law. Separate Defendants deny the allegations to the extent they are inconsistent with Arkansas law. Further, Separate Defendants are without sufficient information to admit or deny the allegations as they relate to other Defendants.

11. Based on information and belief, Separate Defendants admit the allegations contained in paragraphs 23, 24, and 25 of Plaintiff's First Amended Complaint.

12. Separate Defendants deny the allegations in paragraph 26 of Plaintiff's First Amended Complaint.

13. Based on information and belief, Separate Defendants admit the allegations in paragraph 27 of Plaintiff's First Amended Complaint.

14. Paragraphs 28, 29, 30, 31, and 32 of Plaintiff's First Amended Complaint attempt to develop an evidentiary record to support claims previously dismissed by this Court. [D.E. 22] For that reason, and to the extent a response is required, those allegations are denied. Furthermore, all allegations of wrongdoing are denied.

15. Separate Defendants admit the Honorable Berlin Jones, Jefferson County Circuit Judge, entered the Order to Deliver on Thursday, May 10, 2016. The Order to Deliver speaks for itself, and Separate Defendants deny the remaining allegations in paragraphs 33 and 34 of Plaintiff's First Amended Complaint. Pleading affirmatively, Kyle Hunter signed the Order to Deliver on behalf of Karres Manning.

16. Separate Defendants are without sufficient information to admit or deny the allegations contained in paragraphs 35 and 36 of Plaintiff's First Amended Complaint. Therefore, those allegations are denied. Furthermore, all allegations of wrongdoing are denied.

17. Separate Defendants deny the allegations contained in paragraph 37 of Plaintiff's First Amended Complaint.

18.   Separate Defendants are without sufficient information to admit or deny the allegations contained in paragraphs 38 and 39 of Plaintiff's First Amended Complaint as stated. Therefore, those allegations are denied.

19.   Separate Defendants deny the allegations in paragraph 40 of Plaintiff's First Amended Complaint.

20.   Separate Defendants deny instructing the Sheriff's Department to pick up T.H. immediately as alleged. Separate Defendants further deny the allegations contained in the footnote as stated. The remaining allegations in paragraph 41 of Plaintiff's First Amended Complaint are no longer at issue, and for that reason those are also denied. See Court Order [D.E. 22].

21.   Separate Defendants are without sufficient information to admit or deny the allegations in paragraphs 42 of Plaintiff's First Amended Complaint. For that reason, those allegations are denied.

22.   Separate Defendants deny the allegations in the first sentence of paragraph 43 of Plaintiff's First Amended Complaint. Separate Defendants are without sufficient information to admit or deny the remaining allegations in paragraphs 43 of Plaintiff's First Amended Complaint. For that reason, those allegations are denied.

23.   Separate Defendants are without sufficient information to admit or deny the allegations in paragraphs 44, 45, 46, 47, 48, and 49 of Plaintiff's First Amended Complaint. For that reason, those allegations are denied.

24.   Separate Defendants admit Manning visited T.H. once on Friday, May 11, 2016, and then once on Saturday, May 12, 2016. Separate Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 50 of Plaintiff's First Amended Complaint, and for that reason, those allegations are denied.

25. Separate Defendants admit Manning spoke with T.H. once on Friday, May 11, 2016, and then once on Saturday, May 12, 2016. Separate Defendants admit that T.H. initially stated that he did not witness any sexual incidents involving the defendant in the underlying criminal case. Separate Defendants are without sufficient information to admit or deny how T.H. describes Separate Defendant Manning and, for that reason, those allegations are denied. Separate Defendants deny the remaining allegations in paragraph 51 of Plaintiff's First Amended Complaint.

26. Based on information and belief, Manning met with Ana Ortiz on Friday, March 11, 2016. Separate Defendants deny the remaining allegations as characterized in paragraph 52 of Plaintiff's First Amended Complaint.

27. Separate Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 53 of Plaintiff's First Amended Complaint.

28. Based on information and belief, T.H. was allowed to visit with his attorney ad litem on Monday, May 14, 2016. Separate Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 54 of Plaintiff's First Amended Complaint.

29. Separate Defendants are without sufficient information to admit or deny the allegations in paragraphs 55 and 56 of Plaintiff's First Amended Complaint, and therefore, deny the same.

30. Separate Defendants deny all alleged wrongdoing and likewise deny the allegations in paragraphs 57, 58, 59, 60, 61, 62, 63, 64, 65, and 66 of Plaintiff's First Amended Complaint, as well as all subparts.

31. Separate Defendants deny that Plaintiff is entitled to any of the relief sought in in paragraphs 1, 2, 3, 4, and 5 of the section entitled "PRAYER" on page 20 of Plaintiff's Amended First Amended Complaint.

## Affirmative Defenses

32. Plaintiff has failed to state a claim upon which relief may be granted as required by Rule 12(b)(6) of the Federal Rules of Civil Procedure.

33. Separate Defendants are entitled to qualified immunity as to all remaining claims for monetary damages against them.

34. Separate Defendants are entitled to absolute prosecutorial immunity as to all remaining claims for monetary damages against them.

35. Pleading affirmatively, the Prosecuting Attorney and Deputies for the 11th Judicial District–West do not carry liability insurance.

36. To the extent pleaded in Plaintiff's First Amended Complaint, the doctrine of respondeat superior is not a proper basis for liability in a 42 U.S.C. § 1983 claim against the ADC Defendants.

37. Separate Defendants assert all applicable affirmative defenses under Federal or State law including but not limited to Fed. R. Civ. P. 8(c).

38. Separate Defendants assert any and all applicable statutes of limitation.

39. Separate Defendants reserve the right to file an amended answer or any other appropriate pleading and to allege any additional affirmative defenses available to them.

40. Separate Defendants request a jury trial pursuant to Federal Rule of Civil Procedure 38.

WHEREFORE, Separate Defendants Kyle Hunter and Karres Manning respectfully request the Court dismiss them from this lawsuit with prejudice and grant them all other relief to which they are entitled.

        Respectfully submitted,

        LESLIE RUTLEDGE
        Attorney General

By:   _/s/ Brett W. Taylor_____
       Ark. Bar No. 2014175
       Assistant Attorney General
       Arkansas Attorney General's Office
       323 Center Street, Suite 200
       Phone:   (501) 682-3676
       Fax:      (501) 682-2591
       Email:    brett.taylor@arkansasag.gov

## CERTIFICATE OF SERVICE

I, Brett W. Taylor, hereby certify that on September 1, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send electronic notification to the following:

    Andrew Ballard     andy@ballardandballard.net

    Burt Newell        burtnewell@mac.com

                _/s/Brett W. Taylor_____