IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

T.H., a Minor, by and through
Next Friend and Guardian of the Estate,
Charles Hoskyn                                                                    **Plaintiff**

v.                                    Civil Action No. 4:17cv133-SWW-JTR

S. Kyle Hunter, et al.                                                          **Defendants**

BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AS TO
PLAINTIFF'S STATE TORT CLAIMS ON BEHALF OF SEPARATE DEFENDANTS
HUNTER AND MANNING

**I.     Because neither prosecutor has liability insurance coverage applicable
to Plaintiff's claims, the tort claims should be dismissed.**

On August 24, 2017, the Court entered an Order granting in part and denying in

part the Motion to Dismiss filed by Separate Defendants Hunter and Manning. [D.E. 22]

In the Order, the Court found that Plaintiff failed to state a claim Hunter and Manning are

entitled to statutory immunity from Plaintiff's tort claims to the extent Hunter and

Manning are not covered by liability insurance as set out in Ark. Code Ann. § 19-10-

305(a). [D.E. 22, pp. 8-10]

Hunter and Manning now move for judgment on the pleadings under Rule 12(c)[1]

as to the state law tort claims based on its Answer to Plaintiff's Amended Complaint and

the Declaration of Kyle Hunter, which verify neither Hunter nor Manning have liability

insurance coverage applicable to Plaintiff's claims. Separate Defendants' Answer, ¶ 35

[D.E. 24]; Declaration of Kyle Hunter (August 31, 2017), attached as *Exhibit A*. Based

---

[1] To the extent the Hunter's Affidavit is relied upon by the Court, Separate Defendants ask the Court to
convert the Motion to one for partial summary judgment pursuant to Federal Rule of Civil Procedure
12(d).

upon the Court's previous findings and the absence of liability insurance coverage applicable to Plaintiff's claims, Separate Defendants respectfully request the Court dismiss the state tort claims against Kyle Hunter and Karres Manning.

## II.   Because no viable claims remain against Kyle Hunter, Separate Defendants ask the Court to dismiss him from the lawsuit.

Separate Defendants previously moved to dismiss all claims against them based on sovereign immunity, absolute prosecutorial immunity, and statutory immunity. The Court dismissed with prejudice all claims against the State of Arkansas and Defendants Hunter and Manning in their official capacities. [D.E. 22, p. 11] Further, the Court dismissed all § 1983 claims against Hunter and Manning in their individual capacities related to conduct aimed at obtaining an Order to Deliver. [D.E. 22, p. 11] The claims under state tort law against Hunter and Manning should be dismissed based on the argument above. Still remaining is the § 1983 claim against Manning in her individual capacity related to the execution of an Order to Deliver. [D.E. 22, p. 11] As such, no claims against Hunter remain.

To the extent Plaintiff seeks to hold Hunter liable as Manning's supervisor, a supervisor cannot be held liable on a theory of respondeat superior for an employee's unconstitutional actions. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (citing *White v. Holmes*, 21 F.3d 277, 280 (8th Cir.1994)). While a supervisor may incur liability under § 1983 when he is personally involved in the violation or when the supervisor's corrective inaction constitutes deliberate indifference toward the violation,

*Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir.1993), Plaintiff has not alleged facts in either the Complaint or First Amended Complaint to demonstrate personal involvement or corrective inaction by Hunter as to the remaining claim against Manning. The only personal involvement alleged as to Hunter relates to an Order to Deliver that is no longer at issue. [D.E. 23, ¶ 37] Based on the foregoing, Separate Defendants request that Hunter be dismissed from the action.

Respectfully submitted,

LESLIE RUTLEDGE
Attorney General

By:   */s/ Brett W. Taylor*
Ark. Bar No. 2014175
Assistant Attorney General
Arkansas Attorney General's Office
323 Center Street, Suite 200
Phone:    (501) 682-3676
Fax:        (501) 682-2591
Email:    brett.taylor@arkansasag.gov

CERTIFICATE OF SERVICE

I, Brett W. Taylor, hereby certify that on September 1, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send electronic notification to the following:

Andrew Ballard        andy@ballardandballard.net

Burt Newell            burtnewell@mac.com

*/s/Brett W. Taylor*