# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS.
# PINE BLUFF DIVISION

[T. H.], a Minor, by and through Next Friend and
Guardian of the Estate, CHARLES HOSKYN                                    PLAINTIFF

VS.                    CASE NO. 4:17-CV-00133-SWW

S. KYLE HUNTER, et al                                                     DEFENDANTS

### SEPARATE DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Comes Separate Defendants, Jefferson County, Arkansas, Gerald Robinson, in his individual and official capacities as the Sheriff of Jefferson County, Arkansas, Dorothy Rowland, Lee Johnson, Tina Adams, R.C. Toney, Captain David Smithwick, Sandra Harper, and Gary Lee, in their individual and official capacities, by and through counsel, C. Burt Newell and Ralph C. Ohm, responds to Plaintiff's Amended Complaint:

### INTRODUCTORY STATEMENT

1. Separate Defendants deny the allegations contained in Paragraphs 1 and 2 of Plaintiff's Amended Complaint.

2. Separate Defendants acknowledge the statement contained in Paragraph 3 of Plaintiff's Amended Complaint.

### JURISDICTION

3. Separate Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint, but deny all allegations of constitutional and statutory violations as set forth in this paragraphs

4. Separate Defendants admit the allegations contained in Paragraph 5 of Plaintiff's

Amended Complaint.

5.  Separate Defendants deny the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint.

## JURY DEMAND

6.  Separate Defendants joins Plaintiff in his deman for a juiry trial as alleged in Paragraph 7 of Plaintiff's Amended Complaint.

## PARTIES

7.  Separate Defendants admit the allegations contained in Paragraphs 8, 9, 10, Boo paragraphs 11, 12, and 13 of Plaintiff's Amended Complaint.

8.  Separate Defendants deny the allegations contained in Paragraphs 14 and 15 of Plaintiff's Amended Complaint.

9.  Separate Defendants admit the allegations contained in Paragraphs 16, 17, 18, 19, 20, 21, and 22 of Plaintiff's Amended Complaint.

## FACTUAL ALLEGATIONS

10.  Separate Defendants admit the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint.

11.  Separate Defendants have insufficient information or knowledge to admit or deny the allegations contained in Paragraphs 24 and 25 of Plaintiff's Amended Complaint; therefore, all allegations contained in these paragraphs are denied.

12.  Separate Defendants admit the allegations contained in Paragraphs 26 and 27 of Plaintiff's Amended Complaint.

13. Separate Defendants have insufficient information or knowledge to admit or deny the allegations contained in Paragraphs 35, 36, and 37 of Plaintiff's Amended Complaint; therefore, all allegations contained in these paragraphs are denied.

14. Separate Defendant admit the allegations contained in Paragraphs 38 and 39 of Plaintiff's Amended Complaint.

15. Separate Defendants admit the allegations contained in Paragraphs 40, 41, 42, and 43 of Plaintiff's Amended Complaint.

16. Separate Defendants admit the allegations contained in Paragraphs 44, 45, and 46 of Plaintiff's Amended Complaint.

17. Separate Defendants admit the allegations contained in Paragraphs 47, 48, and 49 of Plaintiff's Amended Complaint.

18. Separate Defendants deny the allegations contained in Paragraph 50 of Plaintiff's Amended Complaint.

19. Separate Defendants admit the allegations contained in Paragraphs 51 and 52 of Plaintiff's Amended Complaint.

20. Separate Defendants have insufficient information or knowledge to admit or deny the allegations contained in Paragraphs 53, 54, 55, and 56 of Plaintiff's Amended Complaint; therefore, all allegations contained in these paragraphs are denied.

21. Separate Defendants deny the allegations contained in Paragraphs 57, 58, 59. 60, 61, 62, and 63 of Plaintiff's Amended Complaint.

22. Separate Defendants have insufficient information or knowledge to admit or deny the allegatoins contained in Paragraph 64 of Plaintiff's Amended Complaint; therefore, all

allegatoins contained in this paragraph are denied.

## FEDERAL THEORIES OF RECOVERY

23. Separate Defendants deny the allegations contained in Paragraph 65 of Plaintiff's Amended Complaint.

## STATE LAW THEORIES OF RECOVERY

24. Separate Defendants deny the allegations contained in Paragraph 66 of Plaintiff's Amended Complaint.

25. Those allegations contained in Plaintiff's Amended Complaint that has not been specifically admitted by this Answer are hereby denied.

26. Separate Defendants deny that the Plaintiff is entitled to any relief as alleged in Plaintiff's Amended Complaint.

27. Separate Defendants affirmatively assert that at no time have they engaged in any conduct that has resulted in the Plaintiff's constitutional rights being violated.

28. Separate Defendants affirmatively assert that to the extent that they have been sued in their individual capacity, they are entitled to the defense of qualified immunity.

29. Separate Defendants affirmatively assert that to the extent that they have been sued in their official capacity, punitive damages are not recoverable.

30. Separate Defendants affirmatively assert that to the extent that they have been sued for state tort claims, they are entitled to the defense of tort immunity.

31. To the extent that any of the following defenses apply, Separate Defendants affirmatively assert the following:

    A. Sovereign Immunity; and

      B.     Plaintiff has failed to mitigate damages.

32.     Separate Defendants reserve the right to file further affirmative defenses following discovery and prior to the submission of this case to the jury.

33.     Separate Defendants specifically reserve the right to plead further in this case as evidence and discovery are developed.

**WHEREFORE**, Separate Defendants, Jefferson County, Arkansas, Gerald Robinson, in his individual and official capacities as the Sheriff of Jefferson County, Arkansas, Dorothy Rowland, Lee Johnson, Tina Adams, R.C. Toney, Captain David Smithwick, Sandra Harper, and Gary Lee, in their individual and official capacities, by and through counsel, C. Burt Newell and Ralph C. Ohm, having fully answered the Plaintiff's Amended Complaint, respectfully pray this Honorable Court dismiss Plaintiff's Complaint with prejudice, award them costs herein expended, including attorneys fees, and grant to them all other just and proper relief to which this Court deems them to be entitled.

                **Respectfully submitted,**

                **By:** /s/ C. Burt Newell
                      **C. Burt Newell, Bar No. 82118**
                      **Attorney for Separate Defendants**
                      **P.O. Box 1620**
                      **Hot Springs, AR 71902-1620**
                      **(501) 321-2222**
                      **Fax (501) 624-0533**
                      aperma@hotspringslaw.net

                      **Ralph C. Ohm, Bar No. 82119**
                      **Attorney for Separate Defendants**
                      **P.O. Box 1558**
                      **Hot Springs, AR 71902-1558**
                      **(501) 624-7555**
                      **Fax (501) 624-7575**

aperma@hotspringslaw.net

## CERTIFICATE OF SERVICE

I, C. Burt Newell, hereby certify that I have on this 25th day of September, 2017, electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, and I hereby certify that I have mailed the documents by the United States Postal Service to the following non-CME/ECF participants:

| | |
|---|---|
| Andrew D. Ballard | Brett W. Taylor |
| BALLARD & BALLARD, P.A. | Arkansas Attorney General's Office |
| 425 W. Broadway Street, Suite N | 323 Center Street, Suite 200 |
| North Little Rock, AR 72114 | Little Rock, AR 72201 |

By: /s/ C. Burt Newell
C. Burt Newell, Bar No. 82118